*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK MICHAEL KOROI,

        Plaintiff-Appellant,

v

BOARD OF STATE CANVASSERS and
SECRETARY OF STATE,

        Defendants-Appellees.

UNPUBLISHED
August 11, 2026
11:43 AM

No. 381566
Court of Claims
LC No. 26-000127-MB

Before: YOUNG, P.J., and ACKERMAN and BAZZI, JJ.

PER CURIAM.

Plaintiff, Mark Michael Koroi, appeals as of right the June 30, 2026 order of the Court of Claims granting summary disposition to defendants, the Board of State Canvassers (the Board) and the Secretary of State (the SOS), and dismissing the action with prejudice. We affirm.

## I. SUMMARY OF PROCEEDINGS

Plaintiff seeks to be a candidate for the office of judge in the 31st District Court. The 31st District Court covers the city of Hamtramck. On April 21, 2026, plaintiff submitted 15 nominating petitions to the SOS and an affidavit of identity (AOI). Plaintiff signed his AOI. By doing so, he certified that he was "a United States citizen and [met] the statutory and constitutional requirements for the office sought[.]" On the AOI, plaintiff listed his address as 3369 Comstock, Unit 2 in Hamtramck.

In a May 14, 2026 letter, the Michigan Bureau of Elections informed plaintiff that it was required by law to disqualify him and it would not certify him as a candidate. The letter stated, in part:

> The challenge to your candidacy included petitions that were circulated by yourself as late as April 20, 2026, on which you attested that you resided at 8529 Kennedy Cir. Unit #8, Warren, MI 48093. Therefore—by your own attestation submitted to the Department—for purposes of voting and satisfying the statutory requirements of becoming a candidate you remained a "qualified elector" at 8529

-1-

Kennedy Cir. Unit #8 as of that date. You will become a "qualified elector" at 3369 Comstock, Unit #2 Hamtramck, MI 48212 after you have resided in the City of Hamtramck for 30 days.

Accordingly, pursuant to MCL 168.558(4), the Department is required to disqualify you from the August 4, 2026, primary election ballot for the 31st District Court Judgeship. As of April 21, 2026, when you filed your AOI, you had not met the statutory requirement of being a qualified elector of the 31st District Court.

At its May 21, 2026 meeting, the Board was asked to make a conditional determination on the sufficiency of plaintiff's nominating petitions in the event that plaintiff's disqualification was overturned by a court. The Board deadlocked, voting 2-2 on whether the nominating petitions were sufficient.

Plaintiff sued defendants on June 16, 2026. In his complaint, plaintiff asked for a writ of mandamus compelling the Board to certify his nominating petitions. He also asked for a writ of mandamus compelling the SOS to accept his AOI and recognize that he was a "duly qualified elector" of Hamtramck on April 21, 2026. Plaintiff asserted that 1963 Const, art 2, § 4(1) superseded and voided the 30-day local residency requirement in MCL 168.10(1). Additionally, plaintiff sought a declaratory judgment that 1963 Const, art 2, § 4(1) rendered MCL 168.10(1) void and unenforceable, that he was a "qualified elector," that his AOI was sufficient when filed on April 21, 2026, and that his nominating petitions were sufficient for his placement on the November 2026 ballot.

On plaintiff's request, the Court of Claims issued a scheduling order that expedited review of plaintiff's complaint. Following summary disposition briefing, the Court of Claims granted summary disposition to defendants and dismissed the action with prejudice. The Court of Claims concluded that the 30-day local residency requirement in MCL 168.10(1) did not conflict with the Michigan Constitution; therefore, plaintiff was not entitled to a declaratory judgment that the residency requirement was unconstitutional. The Court of Claims also concluded that plaintiff did not meet the 30-day local residency requirement. Consequently, plaintiff had no clear legal right to have his candidacy certified, and the SOS had no clear legal duty to certify his candidacy. Because plaintiff was properly disqualified, his challenge to the Board's actions was moot.

## II. ANALYSIS

Plaintiff argues that the 30-day local residency requirement has been superseded and rendered void by 1963 Const, art 2, § 4(1). We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Ellison v Dep't of State*, 320 Mich App 169, 175; 906 NW2d 221 (2017). A trial court's decision whether to grant declaratory relief is reviewed for an abuse of discretion, although any relevant questions of law are reviewed de novo. *Davis v Wayne Co Election Comm*, 349 Mich App 355, 372; 28 NW3d 354 (2023). The interpretation of constitutional provisions and statutes are questions of law. *Mich Dep't of Transp v Tomkins*, 481 Mich 184, 190; 749 NW2d 716 (2008). A trial court's decision whether to grant a writ of mandamus is also reviewed for an abuse of discretion, but the questions whether the defendants have a clear legal duty to perform and whether the plaintiff has

a clear legal right to performance of such duty are questions of law reviewed de novo. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016).

A writ of mandamus is an extraordinary remedy. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014). To obtain a writ of mandamus, the plaintiff must show that "(1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Id.*

MCL 168.467 provides the eligibility requirements for district court judges:

> A person is not eligible for the office of judge of the district court unless the person is a registered and qualified elector of the judicial district and election division in which election is sought by the filing deadline or the date the person files the affidavit of candidacy, is licensed to practice law in this state, and, at the time of election or appointment, is less than 70 years of age.

The term "qualified elector" is defined in MCL 168.10(1) as "a person who possesses the qualifications of an elector as prescribed in section 1 of article II of the state constitution of 1963 and who has resided in the city or township 30 days."

Const 1963, art 2, § 1 provides:

> Every citizen of the United States who has attained the age of 21 years, who has resided in this state six months, and who meets the requirements of local residence provided by law, shall be an elector and qualified to vote in any election except as otherwise provided in this constitution. The legislature shall define residence for voting purposes.[1]

The "requirements of local residence provided by law" is the 30-day local residency requirement in MCL 168.10(1).

Under these provisions, plaintiff is not eligible for the office of judge in the 31st District Court. The "filing deadline" was April 21, 2026, the day that plaintiff filed his nominating petitions and AOI, and on that date, plaintiff had not lived in Hamtramck for 30 days. Just one day earlier, on April 20, 2026, according to one of his nominating petitions, plaintiff lived in Warren. Because plaintiff had not resided in Hamtramck for 30 days before the filing deadline, he was not a "qualified elector of the judicial district and election division in which election is sought by the filing deadline." MCL 168.467.

As previously indicated, plaintiff argues that the 30-day local residency requirement in MCL 168.10(1) has been superseded and rendered void by 1963 Const, art 2, § 4(1). "Statutes are

---

[1] Since the 1963 Constitution was ratified, the right to vote has been granted to citizens who are 18 years of age or older. US Const, Am XXVI.

presumed to be constitutional, and a party challenging the constitutionality of a statute has the burden of proving the law's invalidity." *Turunen v Director of Dep't of Natural Resources*, 336 Mich App 468, 482; 971 NW2d 20 (2021) (quotation marks and citation omitted). When a statute contravenes a provision in the Michigan Constitution, it is unconstitutional and void. *AFSCME Council 25 v State Employees' Retirement Sys*, 294 Mich App 1, 15; 818 NW2d 337 (2011).

"The primary objective of constitutional interpretation, not dissimilar to any other exercise in judicial interpretation, is to faithfully give meaning to the intent of those who enacted the law." *Id.* at 8 (alternation marks, quotation marks, and citation omitted). Section 4(1) of 1963 Const, art 2, was enacted after voters approved Proposal 18-3 in the November 2018 election. Thus, we "must consider what the 'great mass of people' would have understood Proposal 3 to mean when they adopted it." *League of Women Voters of Mich v Secretary of State*, 333 Mich App 1, 15; 959 NW2d 1 (2020) (citation omitted). We may look at the actual language of the constitutional amendment. *Id.*

1963 Const, art 2, § 4 provides:

> (1) Every citizen of the United States who is an elector qualified to vote in Michigan shall have the following rights:
>
> * * *
>
> (f) The right to register to vote for an election by (1) appearing in person and submitting a completed voter registration application on or before the fifteenth (15th) day before that election to an election official authorized to receive voter registration applications, or (2) beginning on the fourteenth (14th) day before that election and continuing through the day of that election, appearing in person, submitting a completed voter registration application and providing proof of residency to an election official responsible for maintaining custody of the registration file where the person resides, or their deputies. Persons registered in accordance with subsection (1)(f) shall be immediately eligible to receive a regular or absent voter ballot.

Regardless whether the person registers to vote (1) on or before the 15th day before the election or (2) between the 14th day before the election and the day of the election, the person must submit a "completed voter registration application." MCL 168.495 currently governs the contents of a "registration application," although at the time of the November 2018 election, MCL 168.495 listed what a "registration affidavit" had to contain. MCL 168.495, as amended by 1995 PA 87.[2] One registered to vote by executing a registration affidavit. *In re Request for Advisory Opinion*, 479 Mich 1, 22 n 49; 740 NW2d 444 (2007). A registration affidavit had to include, among other things, the name and address of the elector and "[a] statement that the elector has or

---

[2] In 2018 PA 125, the Legislature replaced the phrase "registration affidavit" with "registration application." Although this public act took effect on December 31, 2018, which was after Proposal 18-3 was approved by the voters, the public act had been approved by the Governor on May 2, 2018.

will have established his or her residence in the township, city, or village in which the elector is applying for registration not less than 30 days before the next election." MCL 168.495(a), (b), and (h), as amended by 1995 PA 87.

1963 Const, art 2, § 4(1)(f) does not supersede the 30-day local residency requirement. Article 2, § 4(1) grants certain rights to every United States citizen "who is an elector qualified to vote in Michigan." A United States citizen is an elector qualified to vote if, among other things, the citizen "meets the requirements of local residence provided by law," 1963 Const, art 2, § 1, i.e., the 30-day local residency requirement. Furthermore, a person who registers to vote under 1963 Const, art 2, § 4(1)(f) is required to submit a voter registration application. And to register to vote, a person had to, and is still required to, see MCL 168.495(i), submit a statement that the person will have established his or her residence in the township or city in which the person is applying for registration not less than 30 days before the next election. Thus, although 1963 Const, art 2, § 4(1)(f) gives persons the "right to register to vote" through the day of the election, the right is only granted to "elector[s] qualified to vote," and to be qualified to vote, an elector must have lived in the township or city for not less than 30 days before the election. The Court of Claims properly concluded that the 30-day local residency requirement does not conflict with 1963 Const, art 2, § 4(1)(f).

Next, plaintiff argues that he should have been given the opportunity to amend his complaint to allege that the 30-day local residency requirement violates the Equal Protection Clauses of the United States and Michigan Constitutions. We disagree.

We review a trial court's decision regarding a plaintiff's motion to amend the pleadings for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). Leave to amend a pleading shall be freely given when justice so requires. MCR 2.118(A)(2). A motion to amend should ordinarily be granted. *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). It should be denied only for particularized reasons: undue delay; bad faith or dilatory motive by the moving party; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility. *Id.*

To the extent plaintiff is arguing that the Court of Claims erred by denying his motion to amend the complaint, which was filed after the Court of Claims entered the June 30, 2026 order, we do not have jurisdiction over the July 6, 2026 order denying the motion to amend. "Where a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992). But this rule only applies to orders entered before the entry of the final judgment. See *Gracey v Gross Pointe Farms Clerk*, 182 Mich App 193, 197; 452 NW2d 471 (1989); *Washington v Starke*, 173 Mich App 230, 241; 433 NW2d 834 (1988). Plaintiff claimed an appeal from the June 30, 2026 order, and the July 6, 2026 order was not entered before entry of that order.

And to the extent plaintiff is arguing that the Court of Claims failed to give him a chance to amend the complaint after he requested leave to amend in his response to defendants' motion for summary disposition, we find no abuse of discretion. Plaintiff makes no argument that a response to a motion for summary disposition is a proper vehicle to make a request to add a new constitutional violation to a complaint. Furthermore, particularized reasons—undue delay and prejudice to defendants—existed to deny the request. Plaintiff waited until June 16, 2026, to sue

defendants, which was more than a month after the Bureau of Elections informed plaintiff that it had to disqualify plaintiff because plaintiff did not meet the statutory requirement of being a qualified elector. Plaintiff requested expedited consideration of his complaint, and the Court of Claims issued a scheduling order that expedited review. Plaintiff's argument that the 30-day local residency requirement violates the Equal Protection Clauses is predicated on a 50-year-old case, *Dunn v Blumstein*, 405 US 330; 92 S Ct 995; 31 L Ed 2d 274 (1972). There is no reason that plaintiff could not have included the equal protection claim in his complaint. And, by requesting to amend his complaint in his response to defendants' motion for summary disposition and stating that defendants could respond to his equal protection argument in their reply brief, plaintiff only gave defendants four days, which included a weekend, to respond to a new and unexpected constitutional challenge.

The Court of Claims did not err in granting summary disposition to defendants. Because plaintiff did not meet the 30-day local residency requirement, MCL 168.10(1), he was not a "qualified elector," MCL 168.467, and because 1963 Const, art 2, § 4(1)(f) does not render the 30-day local residency requirement unconstitutional, plaintiff was not entitled to a declaratory judgment that the residency requirement was unconstitutional and he was a "qualified elector." Additionally, because defendant did not meet the 30-day residency requirement and was not a "qualified elector," he had no clear legal right to have his candidacy certified by the SOS and the SOS had no clear legal duty to certify his candidacy. Plaintiff executed an AOI that contained the false statement that he met the statutory and constitutional requirements for the office of judge in the 31st District Court; and therefore, the SOS was required not to certify plaintiff's name to the Board. MCL 168.558(4). Defendant's disqualification for the office of judge of the 31st District Court renders moot his challenge to the Board's review of his nominating petitions. *B P & v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

Affirmed.

/s/ Adrienne N. Young
/s/ Matthew S. Ackerman
/s/ Mariam S. Bazzi